JUDGE CARTER

13 CV 5991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUENTIN HOWELL                                          Docket No:

                          Plaintiffs,
   -against-                                           **COMPLAINT**

THE CITY OF NEW YORK, Police Officer RAUL
MUNIZ, Shield No. 19990; Police Officer MICHAEL         **Jury Trial Demanded**
BUGLIONE, Shield No. 5333; Sergeant GEORGE
DUFFY, Police Officers JOHN and JANE DOE 1-5,
Individually and in their official capacities, (the
Names John and Jane Doe being fictitious, as the true
Names are presently unknown),
                          Defendants.
------------------------------------------------------------------X

## NATURE OF ACTION

1. This is an action, brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Fight and Fourteenth Amendments to the Constitution of the United States, to recover money damages arising out of the violation of Plaintiff's rights.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## PARTIES

4. At all times relevant to the complaint herein, Plaintiff, QUENTIN HOWELL ("plaintiff" or "Mr. Howell"), an African-American male, is a resident of the County of Kings, City and State of New York.

5. At all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK ("City"), was and still is a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the New York City

Police Department ("NYPD"), a department or agency of the City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory officers, including the individually named defendants herein.

6. At all times hereinafter mentioned, RAUL MUNIZ ("Officer Muniz"), was a police officer, detective or supervisor employed by the NYPD. At all times hereinafter mentioned, Officer Muniz was acting as an agent, servant and employee of the City and NYPD. Officer Muniz is being sued in his individual and official capacities.

7. At all times hereinafter mentioned, MICHAEL BUGLIONE ("Officer Buglione"), was a police officer, detective or supervisor employed by the NYPD. At all times hereinafter mentioned, Officer Buglione was acting as an agent, servant and employee of the City and NYPD. Officer Buglione is being sued in his individual and official capacities.

8. At all times hereinafter mentioned, GEORGE DUFFY ("Seargent Duffy"), was a police officer, detective or supervisor employed by the NYPD. At all times hereinafter mentioned, Seargent Duffy was acting as an agent, servant and employee of the City and NYPD. Seargent Duffy is being sued in his individual and official capacities.

9. At all times hereinafter mentioned, JOHN and JANE DOE 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not currently know the real names and shield numbers of said Defendants. At all times hereinafter mentioned, Defendants John and Jane Doe 1 through 5 were acting as agents, servants and employees of the City and NYPD. Defendants John and Jane Doe 1 through 5 are being sued in their individual and official capacities.

10. At all times mentioned herein, Defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

## FACTUAL ALLEGATIONS

11. On August 26, 2010, at approximately 1:00am, the police, including the officers individually named herein, without permission or a validly executed search warrant, entered the Plaintiff's residential apartment at 190 Palmetto Street, Apartment #2b, Brooklyn, New York, allegedly looking for a weapon.

12. Falsely claiming to have found contraband in the apartment, the police officers proceeded to arrest Plaintiff and took him to the 83rd precinct where he was strip-searched.

13. After spending the night in the precinct, the Plaintiff was then taking to Central Booking.

14. At arraignment, bail was imposed. Because the Plaintiff could not post bail, he was taken to Riker's Island.

15. Plaintiff was released from custody on the 180.80 date, after spending six (6) days in custody.

16. Plaintiff's criminal case was dismissed on February 22, 2011.

17. Plaintiff suffered damages as a result of the Defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation and damage to his reputation.

18. That the Defendants' acted intentionally and maliciously.

## FIRST CAUSE OF ACTION
(UNLAWFUL STOP, SERACH AND SEIZURE)

19. Paragraphs 1 through 18 are herein incorporated by reference.

20. Defendants violated the Fourth and Fourteenth Amendments by unlawfully stopping, searching and seizing Plaintiff and searching Plaintiff's property without reasonable suspicion.

21. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages as previously alleged herein.

## SECOND CAUSE OF ACTION
(FALSE ARREST)

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Defendants violated the Fourth and Fourteenth Amendments by arresting Plaintiff without probable cause.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages as previously alleged herein.

## THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. By their conduct, as described herein, and acting under color of state law, the Defendants are liable to the Plaintiff under 42 U.S.C. §1983 for violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

27. Defendants' unlawful actions were done wilfully, knowingly, with malice and with the specific intent to deprive the Plaintiff of his constitutional rights. The prosecution by the Defendants of the Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in the Plaintiff's favor.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages as previously alleged herein.

### FOURTH CAUSE OF ACTION
(FAILURE TO INTERVENE)

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Those Defendants that were present but did not actively participate in the aforementioned conduct still observed same and had both the duty and an opportunity to intervene and prevent such conduct, but failed to do so.

31. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages as previously alleged herein.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    Compensatory damages against all defendants, jointly and severally;

    B.    Punitive damages against the individual defendants, jointly and severally;

    C.    Reasonable attorney's fees, costs and disbursements of this action, pursuant to 28 U.S.C. §1988;

    D.    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a jury trial.

Dated: New York, New York
August 26, 2013

By: _____
Hyder A. Naqvi, Esq.
Ahmad Naqvi Rodriguez, LLP
Attorneys for Plaintiff
22 Cortlandt St., 16th Floor
New York, NY 10007